UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
EDWIN NEUMANN,                              :
                                            :         CASE NO. 1:11-CV-522
            Plaintiff,                      :
                                            :
  v.                                        :         OPINION & ORDER
                                            :         [Resolving Doc. No. 29]
PLASTIPAK PACKAGING INC. &                  :
CORINNA SCHMIDT,                            :
                                            :
            Defendants.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       At the Court's August 4, 2011 status conference, Plaintiff's counsel raised the issue that the Defendants were refusing to answer questions related to other employees' FMLA leave, even though the information is highly relevant to Plaintiff's core claim that the Defendants' fired him after taking FMLA-protected leave. Defendants' Counsel told the Court that she was concerned about violating HIPAA's privacy rules, but that she would turn over the information if instructed in—and protected by—a court order. The Court therefore instructed Plaintiff to file a motion compel, which the Court granted on August 8, 2011. In its order, the Court took the extra precaution of instructing the parties to redact descriptions of the employees' medical conditions. [Doc. 22.]

       The Defendants now ask the Court to modify its order and limit discovery to only "FMLA documentation for the relevant employees." [Doc. 29.] The Court, of course, did *not* order the production of FMLA information for *non-relevant* employees. Nor did the Court understand its

-1-

Case No. 1:11-CV-522
Gwin, J.

order as allowing Plaintiff to discover such irrelevant information as other employees' 401(k) balances, drug test results, and past disciplinary histories. Information of that nature is irrelevant to Plaintiff's claims and outside the scope of Plaintiff's motion to compel. Again, the claim here centers on allegations that, out of 4000 other Plastipak employees, Plaintiff was the only one fired "for not turning in FMLA paperwork in a timely manner." [Doc. 21.] Documentation on this question, even if it touches on other employees' personal information, is relevant and discoverable. Tangential information on these other employees, including descriptions of their medical conditions, is not relevant.

The Court **DENIES** the Defendants' motion and instructs the parties to proceed with discovery consistent with this order.

IT IS SO ORDERED.

Dated: August 24, 2011　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE